IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASUS COMPUTER INTERNATIONAL, INC., <br> ASUS TECHNOLOGY PTE LTD., <br> and ASUSTEK COMPUTER INC., <br><br> Defendants. | Civil Action No. 12-cv-210-LPS <br><br> Jury Trial Demanded |

## AMENDED COMPLAINT

1. Plaintiff Graphics Properties Holdings, Inc. ("GPH" or "Plaintiff"), for its Amended Complaint against Defendants Asus Computer International, Inc., ("Asus"), Asus Technology Pte Ltd. ("Asus Singapore"), and ASUSTeK Computer Inc. ("Asus Taiwan") (collectively "Defendants") hereby alleges as follows:

## PARTIES

2. Plaintiff GPH is a Delaware corporation with its principal place of business at 56 Harrison Street, Suite 505, New Rochelle, New York 10801.

3. Defendant ASUSTeK Computer Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No.15, Li-Te Rd., Peitou, Taipei, Taiwan, R.O.C.  Asus Taiwan is in the business of developing, manufacturing, and selling electronic devices for importation into the United States.  Such devices include, but are not limited to, video monitors and laptop and tablet computers.

4. Defendant Asus Technology Pte Ltd. is an entity organized and existing under the laws of Singapore, with its principal place of business located at 15A Changi Business

Park Central 1, #05-01 Eightrium, Singapore. Asus Singapore is a subsidiary of Asus Taiwan. Asus Singapore is in the business of developing, manufacturing, and selling electronic devices for importation into the United States. Such devices include, but are not limited to, video monitors and laptop and tablet computers.

5. Defendant Asus Computer International, Inc., is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 800 Corporate Way, Fremont, California 94539. Asus is a subsidiary of Asus Taiwan. Asus is in the business of developing, manufacturing, importing, and selling electronic devices. Such devices include, but are not limited to, video monitors and laptop and tablet computers.

## NATURE OF THE ACTION

6. This is a civil action for the infringement of United States Patent No. 5,896,119 (the "'119 Patent") (attached as Exhibit A) entitled "Removable Backlighting Assembly for Flat Panel Display Subsystem," United States Patent No. 6,816,145 (the "'145 Patent") (attached as Exhibit B) entitled "Large Area Wide Aspect Ratio Flat Panel Display Having High Resolution For High Information Content Display," and United States Patent No. 8,144,158 (the "'158 Patent") (attached as Exhibit C) entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffering" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

8. Defendants are subject to personal jurisdiction in the State of Delaware because Defendants regularly transact business in this judicial district and division by, among

other things, offering Defendants' products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement of one or more of the claims of one or more of the Patents-in-Suit in this judicial district.

9. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because the Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## FACTUAL BACKGROUND

10. Plaintiff GPH is the lawful assignee of all right, title and interest in and to the Patents-in-Suit.

11. GPH was formerly named Silicon Graphics, Inc. As Silicon Graphics, GPH developed technology and intellectual property used in the graphics, computer processing, and display segments. GPH is owned by private investment funds and other institutional investors, following the bankruptcy of Silicon Graphics.

12. GPH continues to manage and license its intellectual property, including the Patents-in-Suit.

## COUNT I

### (Defendants' Infringement of the '119 Patent)

13. Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

14. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '119 Patent.

15. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ

systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '119 Patent. Such devices are consumer electronics and display devices, including but not limited to video monitors, such as, but not limited to Defendants' VH-242H video monitor and other similar devices.

16. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '119 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '119 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

17. Defendants have had knowledge of and notice of the '119 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

18. Defendants have been and continue to be infringing one or more of the claims of the '119 Patent through the aforesaid acts.

19. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Defendants' Infringement of the '145 Patent)

20. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '145 Patent.

22. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '145 Patent.  Such devices are consumer electronics and display devices, including but not limited to video monitors and laptop and tablet computers, such as, but not limited to Defendants' VH-242H video monitor and N53J laptop computer and other similar devices.

23. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '145 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '145 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical

materials.

24. Defendants have had knowledge of and notice of the '145 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

25. Defendants have been and continue to be infringing one or more of the claims of the '145 Patent through the aforesaid acts.

26. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III

### (Defendants' Infringement of the '158 Patent)

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '158 Patent.

29. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '158 Patent. Such devices are consumer electronics and display devices, including but not limited to laptop and tablet computers, such as, but not limited to Defendants' N53J laptop and Eee Pad Slider tablet computer and other similar devices.

30. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '158 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display

devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '158 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

31. Defendants have had knowledge of and notice of the '158 Patent and its infringement since at least, and through, the filing and service of the Amended Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

32. Defendants have been and continue to be infringing one or more of the claims of the '158 Patent through the aforesaid acts.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Graphics Properties Holdings, Inc., respectfully requests the following relief:

a) A judgment that U.S. Patent Nos. 5,896,119; 6,816,145; and 8,144,158 are valid and enforceable.

b) A judgment that Defendants have infringed the '119 Patent;

c) A judgment that Defendants have infringed the '145 Patent;

d) A judgment that Defendants have infringed the '158 Patent;

e) A judgment that GPH be awarded all appropriate damages under 35 U.S.C. § 284 for the Defendants' past infringement, and any continuing or future infringement

of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate GPH for Defendants' infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that GPH be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action

  ii. that GPH be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that GPH be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

34. GPH hereby demands trial by jury on all claims and issues so triable.

DATED:    March 27, 2012                     Respectfully submitted,

                                             FARNAN LLP

                                             By: /s/ Brian E. Farnan
                                             Brian E. Farnan (Bar No. 4089)
                                             Rosemary J. Piergiovanni (Bar No. 3655)
                                             919 North Market Street, 12th Floor
                                             Wilmington, Delaware 19801
                                             (302) 777-0300
                                             (302) 777-0301 (Fax)
                                             bfarnan@farnanlaw.com

OF COUNSEL:
Martin J. Black -- LEAD ATTORNEY
Kevin M. Flannery
Robert L. Masterson
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
martin.black@dechert.com
kevin.flannery@dechert.com
robert.masterson@dechert.com                 *Counsel for Plaintiff*
                                             *Graphics Properties Holdings, Inc.*