

Frederick L. Cottrell, III
302-651-7509
Director
cottrell@rlf.com

October 22, 2012

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    *Graphics Properties Holdings, Inc. v. Acer America Corp., et al.*
             **C.A. No. 12-209-LPS**;
             *Graphics Properties Holdings, Inc. v. Asus Computer International Inc., et al.*,
             **C.A. No. 12-210-LPS**;
             *Graphics Properties Holdings, Inc. v. Panasonic Corporation of North America, et al.*, **C.A. No. 12-211-LPS**;
             *Graphics Properties Holdings, Inc. v. Sharp Electronics Corporation, et al.*,
             **C.A. No. 12-212-LPS**;
             *Graphics Properties Holdings, Inc. v. Toshiba America Information Systems, Inc., et al.*, **C.A. No. 12-213-LPS**;
             *Graphics Properties Holdings, Inc. v. Vizio Inc.*,
             **C.A. No. 12-214-LPS**

Dear Judge Stark:

      Pursuant to the invitation of the Court during the October 17, 2012 Rule 16 teleconference, Defendants in the above referenced actions submit this letter to address the propriety of responding to broad general discovery requests served by Plaintiff prior to the parties engaging in the staged discovery set forth in Paragraphs 3 and 4 of the "default" patent discovery order recently promulgated by this Court. Defendants submit that the very purpose of the default order is to allow for staged and orderly preliminary discovery in patent actions, which can then be followed by any additional discovery that may be needed. Both Plaintiff and Defendants proposed schedules that included initial patent discovery in keeping with the order and the timing set forth in the default patent discovery order, and Defendants' such proposed schedule was orally adopted by the Court during the October 17th teleconference. Under the default provisions as incorporated in the anticipated Scheduling Order, Plaintiff must identify the particular products it is accusing and the patents asserted against each product on or before November 15, 2012. Thereafter, Defendants will produce core technical documents on the identified products, followed by Plaintiff producing an initial infringement claim chart and

Honorable Leonard P. Stark
October 22, 2012
Page 2

Defendants providing their initial invalidity contentions and invalidating references. *See* Scheduling Order ¶ 1 and Default Discovery Order at ¶ 4(a)-(d).

In addition, Plaintiff attempted to also commence general discovery that would obviate the benefits of the default discovery order and shift the burden of the identification of accused products (and the commensurate discovery costs) to Defendants. However, logic, persuasive authority, and the particular circumstances of the above-captioned cases dictate that a staged approach, where general discovery occurs subsequent to the default discovery order is appropriate. In particular, earlier this month Plaintiff served an extensive set of broad interrogatories and document requests on each Defendant, the responses for which would be due even before the Paragraph 3 and 4 default disclosures must be made under the Scheduling Order. Shortly after the parties' first meet and confer on a proposal for a Rule 16 Scheduling Order, Defendants each received over 50 requests for production along with 10 or more interrogatories requesting detailed responses on all aspects of this case including, *inter alia*, a listing of Defendants' products, their contentions, and sales for such products.[1] *See* Exhibits A and B. Without extensions or adjustment, the objections and responses are due on November 5, 2012.

Plaintiff's discovery, at present, is unduly burdensome to Defendants particularly as it is not even limited to specific accused products. At best, Plaintiff's complaints identified a handful of products without reference to specific patent claims. *See, e.g.*, C.A. No. 12-212 Complaint ¶¶ 14, 21, 29, and 36 (identifying a total of three Sharp products). Yet Plaintiff's discovery requests seek to explore a vast array of complicated discovery on numerous broad categories of products for up to six unrelated U.S. patents.[2] For example, instead of limiting its discovery to the handful of products identified in its complaints, Plaintiff now seeks discovery on a broad category it calls "Display," which Plaintiff defines to include "televisions"; "computer monitors"; "video monitors"; "laptop computers"; and "tablet devices" with an "LCD panel/module" sold in the United States since January 1, 2006. *See* Exhibit A at p. 2. This broad definition could be read to cover dozens if not hundreds of products from each Defendant, the vast majority of which Plaintiff has not accused. Plaintiff's interrogatories then ask Defendants to identify every product falling into this broad category of "Display," identify every version of every such product, identify every component of every product related to a variety of broad functionalities, and identify every person primarily responsible for the design of at least four different features in every product. *See* Exhibit A, Interrogatory Nos. 1-5. Plaintiff's requests for production similarly ask Defendants to produce highly confidential schematics, source code, and sales data for each "Display" regardless of whether such products are or will be accused, as well as numerous types of other documents and information, including, *inter alia*, engineering reports, marketing, manuals, supply contracts, and communications. *See* Exhibit B, RFP Nos. 1-42, 48-49.

---

[1] Representative copies of Plaintiff's interrogatories and requests for production served on Sharp are attached for the Court's convenience as Exhibits A and B respectively. Similar requests were served on each Defendant group.

[2] The six patents collectively contain 116 claims (5,896,119 – 13 claims; 6,359,389 – 22 claims; 6,650,327 – 31 claims; 6,816,145 – 30 claims; 7,136,076 – 20 claims; 8,144,158 – 10 claims). Not all patents are asserted against each Defendant.

Honorable Leonard P. Stark
October 22, 2012
Page 3

      Additionally, in direct conflict with the staged approach envisioned by the default provisions, Plaintiff seeks broad discovery concerning the "legal and factual bases" for Defendants' invalidity contentions before the April 10, 2013 deadline for initial invalidity contentions provided for in the default provisions as incorporated in Scheduling Order, and before Plaintiff even identifies the accused products. *See* Exhibit A, Interrogatory No. 6.

      Plaintiff's attempt to obtain broad discovery in advance of the default patent discovery effectively eviscerates the very purpose of those discovery procedures. The default provisions as incorporated in the Scheduling Order, will define and narrow the patents, claims, products, and defenses at issue and thus, logically should occur in advance of general discovery. Consequently, Defendants should not be forced to undertake responding to Plaintiff's broad and costly discovery now, before the case is focused through default discovery, especially because much of the requested information may be irrelevant since the products encompassed by Plaintiff's requests may not be accused.

      Defendants' proposed approach is consistent both with the language and intent of the default order itself as well as recent procedures in this District as exemplified in recent cases before Judge Robinson. As stated during the October 17th discovery conference, Judge Robinson recently required the parties in multi-defendant patent cases to complete the initial default discovery *before* launching into broad-based general discovery. During the Rule 16 teleconference in the *CyberFone Systems LLC* actions, Judge Robinson indicated that after the initial exchange of information under the default standard, a status conference would be scheduled to discuss the exchange and "to move forward to the next step and discuss the parameters of fact discovery, further document production, fact witnesses, et cetera." *See* Exhibit C, March 6, 2012 Tr. at 20, l:14-20. Judge Robinson further held that "You don't get the default standard and massive additional interrogatories. So as far as I'm concerned, those are put on hold. And you go with the products that you have identified." *Id.* at 35, l:1-5. Similarly in *EON Corp. IP Holdings, LLC v. Flo TV Inc.*, Judge Robinson put a similar procedure in place. C.A. 10-812-SLR, D.I. 152. There, Judge Robinson entered a schedule with a first round of discovery similar to the default standard (which had not yet been adopted), followed by a date to discuss the scope of any additional discovery that may be required. *See* Exhibit D at ¶¶ 2(c) - (f), 4(b). In that regard, Paragraph 4(e) of the default order itself references "follow-up discovery" *after* the initial patent discovery is completed.

      No prejudice inures under Defendants' proposal. There is more than one full year in the schedule to complete the default discovery and have the parties respond to appropriate general discovery prior to the close of fact discovery on October 25, 2013. Accordingly, Defendants respectfully request the Court, pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), along with this Court's inherent authority, to stay the time for responses to the general discovery until after Plaintiff serves its initial claim charts under Paragraph 4(c) of the default order.

                                                                     Respectfully,

                                                                  */s/ Frederick L. Cottrell, III*

                                                                   Frederick L. Cottrell, III (#2555)

cc:      All counsel of record (via e-mail)