IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GRAPHICS PROPERTIES HOLDINGS INC., :
:
                      Plaintiff, :
:
         v.                             : C.A. No. 12-cv-00210-LPS
:
ASUS COMPUTER INTERNATIONAL, INC., :
:
                      Defendant. :
:

Brian E. Farnan, Esq., Rosemary J. Piergiovanni, Esq., FARNAN LLP, Wilmington, DE.
Martin J. Black, Esq., Kevin M. Flannery, Esq., Robert L. Masterson, Esq., Teri-Lynn A. Evans, Esq., DECHERT LLP, Philadelphia, PA.

    Attorneys for Plaintiff Graphics Properties Holdings Inc.

John G. Day, Esq., Andrew Colin Mayo, Esq., ASHBY & GEDDES, Wilmington, DE.
John P. Schnurer, Esq., Michael J. Engle, Esq., PERKINS COIE LLP, San Diego, CA.

    Attorneys for Defendant ASUS Computer International Inc.

**MEMORANDUM OPINION**

June 28, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Defendant ASUS Computer International Inc.'s ("ACI") motion to dismiss for lack of jurisdiction and improper venue or, in the alternative, to transfer the present action to the Northern District of California. (D.I. 11) The Court held a hearing on October 11, 2012. (D.I. 34) ("Tr.") Subsequently, pursuant to the Court's Order (D.I. 32), the parties conducted jurisdictional discovery and then submitted supplemental letter briefs to the Court. (D.I. 56, 58) On May 16, 2013, the Court held a telephone conference and heard further arguments in connection with ACI's motion. (D.I. 73) For the reasons set forth below, the Court will deny ACI's motion.

## I.   PROCEDURAL BACKGROUND

Plaintiff Graphics Properties Holdings Inc. ("GPH") originally alleged infringement of U.S. Patent Nos.: 5,896,119 ("the '119 patent"), 6,816,145 ("the '145 patent"), and 8,144,158 ("the '158 patent") (collectively "the asserted patents") against three Defendants: ACI, ASUS Technology Pte Ltd., and ASUSTeK Computer Inc. (D.I. 8) Following the October 2012 hearing, the parties stipulated to the dismissal, without prejudice, of GPH's claims against Defendants ASUS Technology Pte Ltd. and ASUSTeK Computer Inc. (D.I. 47)

The '119 patent is asserted against ACI's VH-242H video monitor. The '145 patent is asserted against the VH-242H video monitor as well as ACI's N53J laptop computer. The '158 patent is asserted against the N53J laptop and ACI's "Eee Pad Slider" tablet computer. (D.I. 8)

GPH is currently asserting one or more of the same patents in a number of ongoing infringement actions pending in this District. (*See* C.A. Nos. 12-209, 12-211, 12-212, 12-213, 12-214, 12-1392, 12-1393, 12-1394, 12-1395, 12-1397, and 12-1399) The defendants in each of

these cases have answered and submitted to jurisdiction in Delaware.

## II. FACTUAL BACKGROUND

Plaintiff GPH is a Delaware corporation with its principal place of business in New York. GPH was formerly named "Silicon Graphics, Inc." (D.I. 8 ¶ 11) Silicon Graphics was a California corporation that "developed technology and intellectual property used in the graphics, computer processing, and display segments," including the asserted patents. (*Id.*) Silicon Graphics was headquartered in Mountain View, California, which is in the Northern District of California. (D.I. 11 Ex. 1)

Defendant ACI is a California corporation with its principal place of business in Fremont, California, which is also in the Northern District of California. (D.I. 12 at 2) ACI is not incorporated or registered to do business in Delaware. ACI does not have employees, documents, or places of business in Delaware. According to ACI, none of the accused products were designed or manufactured in Delaware. (*Id.* at 2-3)

## III. LEGAL STANDARDS

### A. Motion to Dismiss Based on Lack of Personal Jurisdiction

Determining the existence of personal jurisdiction requires a two-part analysis. First, the Court must consider whether a defendant's actions come within any of the provisions of Delaware's long-arm statute. *See Intel v. Broadcom*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). Next, the Court must determine whether exercising jurisdiction over the defendant in this State comports with the Due Process Clause of the U.S. Constitution. *See id.* Due Process is satisfied if the Court finds at least "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). For the second step Due Process analysis, the Court applies the law of the Federal Circuit. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994).

When a defendant moves to dismiss a lawsuit for lack of personal jurisdiction, the plaintiff bears the burden of showing the basis for the Court's jurisdiction. *See Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007).

### B.     Venue

A court may dismiss a lawsuit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For purposes of venue, a corporation "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The moving party has the burden of proving that venue is improper. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

### C.     Transfer

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Third Circuit has explained, this provision "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

A motion brought under Section 1404(a) requires the Court to undertake a two-step

3

analysis. First, the Court determines whether the action could have been brought in the proposed transferee forum. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). Next, the Court must balance the appropriate considerations and determine whether, under the particular facts of the case, the request to transfer venue should be granted. *Jumara*, 55 F.3d at 879. At this step the Court takes particular care to consider at least the private and public interest factors identified by the Third Circuit in *Jumara*. *See id.* at 879-80. The private factors include: (1) "the plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (internal citations omitted). The public interest factors include: (1) "the enforceablity of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (internal citations omitted).

The burden rests squarely on the party seeking transfer "to establish that a balancing of proper interests weighs in favor of the transfer." *Id.* That burden is a heavy one: "unless the balance of convenience of the parties is ***strongly*** in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC v. Kinzenbaw*, 2009 WL 3737653, at *2 (D. Del. Nov. 9,

4

2009). Unless the defendant "is truly regional in character" – that is, it operates essentially exclusively in a region that does not include Delaware – transfer is often inappropriate. *See Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004). When transfer is sought by a defendant with operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008) (internal citations and quotation marks omitted); *see also In re TCW/Camil Holding, L.L.C.*, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004).

## IV. DISCUSSION

ACI contests personal jurisdiction and venue with respect to GPH's claim of infringement of the '119 patent. ACI has submitted to the Court's jurisdiction to adjudicate disputes relating to the '145 and '158 patents. (D.I. 34 at 10) If the Court does not dismiss the claim of infringement of the '119 patent, ACI requests, in the alternative, that the Court transfer the entire case to the Northern District of California.

### A. Personal Jurisdiction

Following extensive briefing, jurisdictional discovery, and repeated oral argument, the Court perceives five potential bases for asserting personal jurisdiction over ACI: (1) jurisdiction under Section 3104(c)(3) of the Delaware Long Arm statute based on "use" of the accused product in Delaware; (2) jurisdiction under Section 3104(c)(3) of the Delaware Long Arm statute as a result of a "sale" in Delaware; (3) jurisdiction under Section 3104(c)(1) of the Delaware Long Arm statute as a result of ACI transacting business in Delaware; (4) jurisdiction under a "stream of commerce" theory; and (5) pendent jurisdiction as a result of GPH's concurrent

claims, for which the Court undisputably has jurisdiction.[1] Only one basis for personal jurisdiction is required. Below, the Court will explain why jurisdiction is proper at least under the Delaware Long Arm statute based on "use" of the accused product in Delaware.

### 1. "Use" Under Section 3104(c)(3)

Under Section 3104(c)(3), "a court may exercise personal jurisdiction over a defendant when that defendant . . . causes tortious injury in [Delaware] by an act or omission in this State." 10 Del. C. § 3104(c)(3). ACI admits that in two instances an individual in Delaware returned a broken VH-242 monitor to ACI, and ACI provided that individual with a replacement monitor in satisfaction of a warranty agreement. (D.I. 58 at 1-2)

For purpose of Section 3104(c)(3), the pertinent "act" is ACI's intentional shipment of the accused product to Delaware.[2] The act occurred in Delaware because the products were delivered to Delaware customers who, according to the Complaint, then used the product in Delaware. The same act caused injury to GPH because (according to the Complaint) the customer's "use" of the accused products in Delaware constitutes patent infringement under 35 U.S.C. § 271(a). Therefore, personal jurisdiction over ACI is proper under the Delaware Long Arm Statute based on the "use" of the accused product in Delaware.

Delaware courts have interpreted Section 3104(c)(3) as a "specific jurisdiction provision[] that require[s] a 'nexus' between the cause of action and the conduct of the defendant used as a basis for jurisdiction." *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d

---

[1] Not all of these grounds were raised and argued by the parties.

[2] Under Delaware law, a single act can be sufficient to establish jurisdiction. *See Friedman v. Alcatel Alsthom*, 752 A.2d 544, 549 (Del. Ch. 1999).

635, 640 (D. Del. 2008). To satisfy the "nexus" requirement, the cause of action must "arise[] from, or [be] directly related to, the defendant's actions within the forum state." *Id.* At minimum, the indirect infringement claim in GPH's Amended Complaint "arises from" use of the accused products in Delaware by individuals who received the product from ACI. (*See* D.I. 8 at ¶¶ 15-16) The direct infringement claim is likewise directly related to the delivery of the accused products to Delaware.

### 2. Due Process

Having found that ACI is within reach of Delaware's Long Arm statute, the Court must analyze whether the assertion of personal jurisdiction comports with Due Process. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Thorn EMI North Am., Inc. v. Micron Tech., Inc.,* 821 F. Supp. 272, 275 (D. Del. 1993) (internal quotation marks omitted). In this regard, the Court must consider whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Elecs. for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed. Cir. 2003).

The Court concludes that ACI's activities were "purposeful" because ACI knowingly and intentionally shipped the accused products to two separate customers in Delaware in satisfaction of its warranty obligations. As already explained, GPH's patent infringement claim "arises out of" and "relates to" ACI's shipment of the accused products to Delaware. In assessing whether assertion of personal jurisdiction over ACI is reasonable and fair under the circumstances, the

Court will consider the following factors: (1) "[t]he relationship between the defendant and the forum, [which] must be such that it is reasonable . . . to require the corporation to defend the particular suit which is brought there . . . ; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief . . . ; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering substantive social polices." *World-Wide Volkswagen*, 44 U.S. at 292.

With respect to the first factor, ACI has shipped the accused monitor into Delaware. Additionally, ACI has submitted to the Court's jurisdiction for adjudication of the '145 and '158 patents. ACI, thus, has a relationship with this forum, and it is reasonable to require ACI to defend against the '119 patent infringement claim in Delaware. The second, third, and fourth factors support jurisdiction because, irrespective of the Court's ruling, ACI will have to produce discovery for the accused VH-242H video monitor in this action, as this product is accused of infringing the '145 patent, which ACI has agreed to litigate in Delaware. Moreover, because GPH has asserted the '119 patent in other lawsuits currently pending in this District, this Court will be required to address claim construction (and likely invalidity) for this patent even if ACI's entire case is transferred. The fifth factor is neutral. The Court concludes that assertion of personal jurisdiction in Delaware over ACI with respect to GPH's infringement claim for the '119 patent "does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe*, 326 U.S. at 316. Accordingly, the Court will deny ACI's motion to dismiss.

**B.     Venue**

A civil action for patent infringement "may be brought in the judicial district where the

8

defendant resides." 28 U.S.C. § 1400(b). An entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c). For this reason, both parties agree that the outcome of the venue issue should be the same as the outcome of the personal jurisdiction question. (D.I. 34 at 18) Having found that personal jurisdiction exists, the Court will deny ACI's motion to dismiss for improper venue.

### C. Motion to Transfer

As an alternative to dismissal, ACI seeks transfer of the entire action to the Northern District of California. (D.I. 12 at 10-19) In determining whether transfer is appropriate, the Court must first confirm that this action could have been brought in the proposed transferee venue. "The party moving for transfer bears the burden of proving that the action properly could have been brought in the transferee district in the first instance." *Mallinckrodt Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 356 (D. Del. 2009) (internal citations omitted). There does not appear to be any dispute that GPH's action against ACI could have been brought in the Northern District of California. (D.I. 12 at 11)

Since two proper venues have been identified, the Court must consider the appropriate private and public interest factors. *See Jumara*, 55 F.3d at 879.

#### 1. Private Interest Factors

##### a. Plaintiff's choice of forum

The parties dispute the amount of weight to be accorded to GPH's choice of Delaware as a forum for the present litigation. GPH contends that its choice of forum should be given "paramount consideration." (D.I. 19 at 15-16) (citing *Shutte*, 431 F.2d at 25) ACI responds that GPH's choice should be accorded "little or no weight" because Delaware is not GPH's "home

9

turf." (*See* D.I. 12 at 16) (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011)) According to ACI, GPH's home turf is New York, because that is GPH's principal place of business.

While there are cases supporting ACI's view that Delaware is not GPH's "home turf," there are likewise cases from this District in which a plaintiff's "home turf" has been construed to include its state of incorporation, which here is Delaware. *See, e.g.*, *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 754 (D. Del. 2012); *Praxair*, 2004 WL 883395, at *1-2 (holding Delaware is "home turf" as long as company is incorporated in Delaware, regardless of location of principal place of business). The Court agrees with those cases that include a corporate entity's state of incorporation as part of its "home turf."

The Third Circuit has emphasized that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. ACI essentially concedes that GPH had legitimate and rational reasons for suing in Delaware. (D.I. 34 at 22) Accordingly, GPH's choice of Delaware as a litigation forum is entitled to "paramount consideration" or, at minimum, "significant deference." *Shutte*, 431 F.2d at 25; *Mallinckrodt*, 670 F. Supp. 2d at 356.

### b. Defendant's forum preference

ACI prefers to litigate this case in the Northern District of California. (D.I. 12 at 11) This factor weighs in favor of transfer.

### c. Location of operative events

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). ACI contends that the "design, development and

10

manufacture of [the] product occurs in California or overseas." (D.I. 12 at 16) However, the allegedly infringing products are shipped nationwide, including to Delaware. Thus, this factor weighs in favor of transfer, but only slightly.

### d. Convenience of parties

The next factor to be considered is "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. ACI contends that the Northern District of California is far more convenient for the parties. According to ACI, its headquarters are in California, its documents are in California, and its attorneys are in California. (D.I. 12 at 12-13) Likewise, GPH's predecessor company – Silicon Graphics – was a California corporation, and, thus, GPH likely maintains some or all of its operations in that State. (*Id.* at 12)

While ACI has legitimate reasons for seeking transfer, the Court is unpersuaded. ACI is a global corporation with annual revenues exceeding one billion dollars. Litigating in Delaware will not impose an undue financial burden on ACI. Moreover, as a practical matter, regardless of the trial venue, most of the discovery will take place in California or other locations mutually agreed to by the parties. *See Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, 2001 WL 1617186, at *4 (D. Del. 2001) ("[C]onvenience based on expense is uncompelling especially when the practical realities are that discovery will likely take place in California regardless of the trial venue."). The only events likely to occur in Delaware are the claim construction hearing, any hearing on motions (but not discovery motions, as this Court almost exclusively addresses such disputes by teleconference), the pretrial conference, and trial.

This factor requires the Court to consider the convenience to both parties. GPH is involved in numerous related patent lawsuits in this District. Requiring GPH to litigate one

lawsuit in California while all the other cases proceed in Delaware would add to GPH's inconvenience.

In sum, ACI has failed to demonstrate that litigating in Delaware will pose any unique or unusual burden. Accordingly, this factor does not favor transfer.

### e. Convenience of witnesses

The next factor is "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. ACI contends that all of the named inventors are third parties who are located in California. (D.I. 12 at 14-15) According to ACI, because Plaintiff was previously a California corporation, other relevant witnesses may also be located in California. ACI contends that none of those witnesses are within this Court's subpoena power. (*Id.*) GPH's only response is that at least one inventor is now located in Texas. (D.I. 19 at 17-18)

The extent of the Court's subpoena power is relevant only to ensuring that witnesses come to Delaware to testify *at trial*. Every witness can be compelled to sit for a deposition in some jurisdiction, as some court will have jurisdiction to enforce a deposition notice and/or deny a motion to quash the same. *See generally* Fed. R. Civ. P. 45(b)(2) (providing that subpoena may be served at any place within issuing court's district or outside that district within 100 miles of place specified for deposition, hearing, trial, production, or inspection).

There is no evidence from which the Court can conclude that necessary trial witnesses will refuse to appear in Delaware for trial without a subpoena. If such witnesses will not appear at trial, their testimony can always be obtained through a deposition. While deposition testimony is not a complete substitute for live trial testimony, *see In re DVI Inc.*, 2004 WL 1498593, at *2

(D. Del. June 23, 2004) ("[T]he Court notes that it has previously rejected the argument made by Plaintiff that deposition testimony may serve as an adequate substitute for material non-party witnesses that a party is unable to procure for trial."), it is a fallback that, in almost all instances, will prevent a miscarriage of justice.

Moreover, because GPH is involved in a number of related patent lawsuits in Delaware, its witnesses will attend trial in Delaware at least in connection with those other lawsuits. Transferring the present case to California, however, would likely require Plaintiff's witnesses to appear in California as well as Delaware. Therefore, the witness convenience factor favors transfer, but only slightly.

### f. Location of books and records

Next the Court considers "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Yet this factor is often not entitled to much weight, given the combination of the Third Circuit's emphasis on whether the files could be produced in each of the fora at issue and "recent technological advances." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998). "With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571 (D. Del. 2001); *see also Cypress Semiconductor*, 2001 WL 1617186, at *3 ("Advances in technology have significantly lessened

the burden of litigating in a distant district. These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded . . . and have lowered the cost of moving that information from one place to another.") (internal citations and quotation marks omitted).

ACI contends that all of its relevant documents are in California. In addition, according to ACI, the patented technology was invented in California and, thus, all of the relevant GPH documents and prototypes (if any) are in California. GPH has not identified a single document in Delaware. Nonetheless, given the technological advances, absent unusual circumstances, the burden of transferring evidence has been significantly reduced. Hence, in this case, the location of relevant evidence favors transfer, but only slightly.

### 2. Public Interest Factors

#### a. Enforceability of judgment

There is no suggestion that a judgment would be unenforceable in either District. (Tr. at 36-37) This factor is neutral.

#### b. Practical considerations

The Court takes account of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. In this case, Plaintiff GPH has at least 11 other cases pending in Delaware, each of which involves one or more of the asserted patents. As a result, even if the present case were transferred to California, the Court would still need to learn the technology claimed in the asserted patents, construe the claims of those patents, resolve summary judgment motions (if any), address the parties' discovery disputes, and ultimately try the cases that proceed to trial. This factor weighs heavily against transfer.

### c. Administrative difficulties

The Court next turns to the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. The Court is not persuaded that administrative difficulties due to court congestion favor transfer. *See Textron Innovations, Inc. v. The Toro Co.*, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005). Transferring this case to California would only add to the workload of that Court without meaningfully reducing the workload of this one, given the pendency of the many related actions in this District. This factor weighs against transfer.

### d. Local interests

In patent litigation, the local interest factor is typically neutral, "because patent issues do not give rise to a local controversy or implicate local interests." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008); *see also In re Hoffman*, 587 F.3d at 1338 ("While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."). Here, this factor is neutral.

### e. Public policy

"The public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for resolution of business disputes." *Wacoh Co. v. Kianix Inc.*, 2012 WL 70673, at *6 & n.9 (D. Del. Jan. 9, 2012). GPH is a Delaware corporation. This factor weighs against transfer.

### f. Judges' familiarity with state law in diversity cases

"Patent claims are governed by federal law, and as such both [courts are] capable of

applying patent law to infringement claims." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (internal quotation marks omitted). This factor is neutral.

### 3. Balancing the *Jumara* Factors

The following factors weigh in GPH's favor: plaintiff's choice of forum, practical considerations, administrative difficulty, and public policy. The following factors weigh in ACI's favor: defendant's preferred forum, location of operative events, convenience to witnesses, and location of relevant evidence. The other factors are neutral. Evaluating the factors as a whole, and according each factor its appropriate weight under the circumstances presented, the Court concludes that ACI has failed to satisfy its burden of showing that the balance of convenience factors and interests of justice weigh strongly in favor of transfer. *See Shutte*, 431 F.2d at 25; *see also CNH*, 2009 WL 3737653, at *2.

## V. CONCLUSION

For the above reasons, the Court will deny ACI's motion to dismiss or transfer. An appropriate Order follows.