IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-210-LPS |
| | ) | |
| ASUS COMPUTER INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ASUS COMPUTER INTERNATIONAL, INC.'S
MOTION FOR REARGUMENT REGARDING
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Pursuant to Civil Local Rule 7.1.5, Defendant ASUS Computer International, Inc. ("ACI") respectfully moves the Court to reconsider its order of June 28, 2013, regarding ACI's motion to dismiss or transfer (D.I. 85). The Court's order was based in large part on theories not briefed by either party. Thus, ACI never had the opportunity to address those theories. Moreover, because the Court did not have the benefit of briefing from ACI, its decision was based upon clear errors of fact and law. Thus, reconsideration is necessary to prevent manifest injustice.

The Court based its finding of personal jurisdiction on the allegation that ACI may have indirectly infringed by shipping two replacement products under warranty to end users in Delaware. This theory was never briefed by any party and is clearly erroneous. In particular, the two shipments occurred *before* GPH's complaint, yet both GPH's complaint and its jurisdictional discovery confirm that GPH alleges indirect infringement only *after* the complaint. Therefore, GPH does not and cannot allege that those two shipments constitute indirect infringement, and personal jurisdiction cannot be based upon them.

The remaining issues of venue and transfer must also be reconsidered in light of this

Court lacking personal jurisdiction for the '119 patent.

## I.     PROCEDURAL BACKGROUND

Plaintiff Graphics Properties Holdings Inc. ("GPH") filed its complaint on February 21,

2012, alleging patent infringement by Defendants ASUS Computer International ("ACI"), ASUS

Technology Pte Ltd. ("ASUS Singapore"), and ASUSTeK Computer Inc. ("ASUS Taiwan").

D.I. 1.  GPH filed an amended complaint on March 27, 2012.  D.I. 8.

The Defendants filed a motion to dismiss or transfer on May 14, 2012.  D.I. 11.  GPH

voluntarily dismissed ASUS Singapore and ASUS Taiwan on November 16, 2012.  D.I. 47 & 49.

The remaining motion to dismiss ACI was based upon the lack of personal jurisdiction and

venue over ACI for the '119 patent.  The only accused product for the '119 patent is the

VH242H monitor.

On October 11, 2012, the Court held a hearing on ACI's motion to dismiss.  The Court

then allowed limited jurisdictional discovery.  D.I. 32.  After jurisdictional discovery including

interrogatories, document production, and a deposition, the parties submitted supplemental letter

briefs regarding the motion to dismiss or transfer.  D.I. 56 & 58.  After jurisdictional discovery,

GPH argued that ACI's shipment of two units of the VH242H monitor to Delaware to replace

products under warranty constituted a "sale" under patent law or alternately that ACI placed the

VH242H monitors into a "stream of commerce."  D.I. 56.

The Court held another telephonic hearing on ACI's motion to dismiss on May 16, 2013.

The Court issued its order denying ACI's motion to dismiss on June 28, 2013.  D.I. 85 &

86.  The Court identified five potential bases for asserting personal jurisdiction, including

(1) "use"; (2) "sale"; (3) transacting business in Delaware; (4) "stream of commerce"; and

(5) "pendent jurisdiction."  D.I. 85 at 5.  The Court expressly noted, "Not all of these grounds

were raised and argued by the parties." *Id.* at 6 n.1.  While GPH's brief focused on "sale" and

"stream of commerce," D.I. 56, the Court's decision only discussed "use," a theory which GPH

had not briefed.

## II.      THE LAW OF MOTIONS FOR REARGUMENT

Motions for reargument or reconsideration are governed by Civil Local Rule 7.1.5.

"Motions for reconsideration are the 'functional equivalent' of motions to alter or amend

judgment under Federal Rule of Civil Procedure 59(e)." *Apeldyn Corp. v. AU Optronics Corp.*,

831 F. Supp. 2d 837, 839 (D. Del. 2011).  The purpose of a motion for reargument or

reconsideration is to correct manifest errors of law or fact or to present newly discovered

evidence. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "Accordingly, a

judgment may be altered or amended if the party seeking reconsideration shows at least one of

the following grounds: (1) an intervening change in the controlling law; (2) the availability of

new evidence that was not available when the court granted the motion for summary judgment;

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

"[I]n ruling on a motion to reconsider, the court should keep an open mind, and should

not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." *Karr v.

Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).  In particular, "the court should reconsider a

prior decision when it appears the court has overlooked facts or precedent which, had they been

considered, might reasonably have altered the result." *Id.*  Reargument may be particularly

appropriate "where the Court has patently misunderstood a party, or has made a decision outside

the adversarial issues presented to the Court by the parties, or has made an error not of reasoning

but of apprehension." *Apeldyn*, 831 F. Supp. 2d at 840.  "When such motions are based on

meritorious grounds, however, they present the court with an opportunity to correct erroneous rulings." *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002).

**III.    PERSONAL JURISDICTION BASED ON "USE" WAS NEVER BRIEFED BY EITHER PARTY AND IS BASED ON A CLEAR ERROR OF FACT OR LAW**

**A.    GPH Alleges Indirect Infringement Only After the Complaint Was Filed So Personal Jurisdiction Cannot Be Based on Shipments Before the Complaint**

The Court's finding of personal jurisdiction based upon indirect infringement *before* the complaint is clearly erroneous because GPH is only asserting indirect infringement *after* the complaint was filed.  In its decision, the Court found that "in two instances an individual in Delaware returned a broken VH-242 monitor to ACI, and ACI provided that individual with a replacement monitor in satisfaction of a warranty agreement."  D.I. 85 at 6.  Based on these two shipments, the Court found "the indirect infringement claim in GPH's Amended Complaint 'arises from' use of the accused products in Delaware by individuals who received the product from ACI."  *Id.* at 7.  This theory was never briefed by either party.  *See* D.I. 56 (calling the two shipments a "sale," but never indirect infringement or a "use").  Indeed, the Court's decision expressly said, "Not all of these grounds were raised and argued by the parties."  D.I. 85 at 6 n.1.

Because GPH did not raise this theory, ACI never had an opportunity to address it. Moreover, because the Court did not have the benefit of briefing from ACI, its decision was based upon a clear error of fact and law.  In particular, the two shipments occurred *before* the complaint (in 2009 and 2010).  D.I. 56 at 3.  Yet GPH alleges ACI's indirect infringement began only *after* the complaint (in 2012).  D.I. 8 ¶ 17.

Indirect infringement, whether contributory or inducement, "requires knowledge of the existence of the patent that is infringed."  *Global-Tech Apps., Inc. v. SEB SA*, 131 S. Ct. 2060, 2068 (2011).  In its complaint, GPH alleged knowledge of the '119 patent *exclusively* through

the filing of the complaint on February 21, 2012.  D.I. 8 ¶ 17; D.I. 1 ¶ 17.  Moreover, in

jurisdictional discovery, GPH dedicated one of its ten interrogatories and deposition topics to

precisely this topic.  Exh. 1 at Interrogatory No. 6 & Topic No. 9.[1]  Such jurisdictional discovery

further confirmed that, just as GPH pled, ACI was not aware of the '119 patent until after GPH's

complaint had been served.[2]  Exh. 2 at Response to Interrogatory No. 6.  Under *Global-Tech*,

ACI cannot be liable for indirect infringement based on shipments that occurred years before

ACI was ever aware of the '119 patent.  *See also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293,

1304 (Fed. Cir. 2006) ("The requirement that the alleged infringer knew or should have known

his actions would induce actual infringement necessarily includes the requirement that he or she

knew of the patent.").  Therefore, it is a clear error of fact and law for the Court to base personal

jurisdiction on indirect infringement *before* the complaint was filed when GPH alleges indirect

infringement only *after* the complaint was filed.[3]

        This is precisely the type of situation in which courts regularly grant reconsideration, i.e.,

where the court decided an issue based on a theory not briefed by any party and in doing so the

court overlooked a clear fact or law prohibiting its finding.  For example, in *Pirelli*, the court

---

[1] Unless otherwise noted, all exhibits are attached to the declaration of Michael J. Engle filed herewith.

[2] As the Court noted, "the plaintiff bears the burden of showing the basis for the Court's jurisdiction."  D.I. 85 at 3 (citing *Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007)).  Moreover, "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations."  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (citation omitted).  GPH has not provided any argument—let alone evidence—that ACI was aware of the '119 patent prior to the complaint.

[3] The Court also cannot base personal jurisdiction on any alleged indirect infringement *after* the complaint.  Not only has GPH provided no evidence of any shipments by ACI of the VH242H monitor to Delaware after the filing of the complaint, but also "[t]he court cannot base jurisdiction on events that occurred after the filing of [the] complaint."  *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F.Supp.2d 690, 697 (D. Del. 1998).

granted reconsideration because it was "inappropriate" for the court to make an equivalents determination "without first alerting the parties so that they have the opportunity to provide a full record on the 'equivalent' issue." *Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 447 (D. Del. 1997); *see also Karr v. Castle*, 768 F. Supp. 1087, 1091 (D. Del. 1991) (granting reconsideration because "the court granted the motion on the assumption that it was unopposed and without benefit of plaintiff's position on the matter"). Similarly, in *Philips*, the court granted a motion for reargument because it had not previously considered certain arguments that had not been raised by the parties. *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. 02-123-KAJ, 2005 WL 589368, at *2 (D. Del. Mar. 7, 2005); *see also Eaton Corp. v. Parker-Hannifin Corp.*, No. 00-751-SLR, 2003 WL 252154 (D. Del. Jan. 28, 2003) (granting motion for reconsideration where "neither of the parties addressed a threshold question" in prior briefing). In fact, just as in this case, *Philips* required "further argument and clarification" regarding whether the defendants were accused of a "sale" or rather a "use." *Philips*, 2005 WL 589368 at *3. Finally, in *BP Amoco*, the court granted reconsideration when, just as here, "the court overlooked the allegations, made earlier in the complaint." *BP Amoco*, 200 F. Supp. 2d at 437, 435; *see also Proxim Inc. v. 3Com Corp.*, No. 01-155-SLR, 2003 WL 403348, at *1 (D. Del. Feb. 21, 2003) (granting motion for reconsideration based on facts the Court was not aware of at the time of its order). Therefore, given that ACI never had an opportunity to address the issue of whether ACI's shipping of two accused monitors can constitute indirect infringement, and given the clear error and manifest injustice of basing personal jurisdiction on indirect infringement *before* the complaint when GPH has only alleged indirect infringement *after* the complaint, ACI respectfully requests that the Court reconsider its decision.

**B.      Shipment of a Product Is Not a "Use" Under Patent Law**

The Court also stated, "The direct infringement claim is likewise directly related to the delivery of the accused products to Delaware."  D.I. 85 at 7.  ACI believes the Court in this statement was referring to the alleged direct infringement (or "use") by end users that ACI supposedly induced.  *See* D.I. 8 ¶ 16; D.I. 85 at 6 ("…(according to the Complaint) the customer's 'use' of the accused products in Delaware constitutes patent infringement under 35 U.S.C. § 271(a).").  If so, then personal jurisdiction cannot be based upon ACI's alleged induced infringement for the reasons discussed above.

To the extent the Court suggested that the two shipments themselves might constitute a "use" of the product,[4] ACI again has never had an opportunity to brief such a theory.  GPH's briefing alleged that the two shipments somehow constituted a "sale," but never argued that they constituted a "use."  D.I. 56 at 3-4.  Moreover, the case law clearly holds that mere shipment of a product into Delaware does not give rise to personal jurisdiction, nor "use" under patent infringement.  "It stretches the fair meaning of the word 'use' beyond recognition to say that shipping a product is a use of the product."  *Wesley Jessen Corp. v. Bausch & Lomb, Inc.*, 256 F. Supp. 2d 228, 231 (D. Del. 2003).[5]  "Similarly, under Delaware law, the shipment of goods into a state by common carrier, without more, does not constitute 'transaction of business.'  When a

---

[4] Delaware's long-arm statute requires that the cause of action (i.e., patent infringement) must "arise from" the act of the defendant, so the act of shipping by itself cannot give rise to personal jurisdiction unless it constitutes either direct or indirect infringement.  10 Del. Code § 3104(c).  As discussed here, the two shipments do not constitute either indirect infringement or a "use."  As discussed in prior briefing, the shipments, which replaced products under warranty, also do not constitute a "sale."  D.I. 58 at 1-3.  The other forms of direct infringement are inapplicable as a domestic shipment within the U.S. constitutes neither manufacture nor importation.  35 U.S.C. § 271(a).

[5] *See also see also Windsurfing Int'l, Inc. v. Fred Ostermann GmbH*, 668 F. Supp. 812, 821 (S.D.N.Y. 1987) (declining to find infringement when a defendant "continued its no-charge warranty program through which it supplied prior customers with spare replacement parts when necessary" because the defendant "received no profit and in fact lost money by continuing to replace parts"), *aff'd*, 1 F.3d 1214 (Fed. Cir. 1993).

foreign manufacturer designs, manufactures, labels and packages a product outside of Delaware, it has not performed those acts in the state and the specific jurisdiction provisions under § 3104(c)(1)-(3) do not apply." *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 386 (D. Del. 2009) (quotation omitted). "This is especially true where, as here, the shipment was an isolated incident and no orders resulted from this solicitation." *Applied Biosys., Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1467 (D. Del. 1991).[6] Again, ACI believes the Court's sentence mentioning direct infringement was directed at end users rather than ACI, but to the extent it was directed at ACI, the two shipments do not constitute a "use" or otherwise give rise to personal jurisdiction.

## IV.    DUE PROCESS

Because this Court lacks personal jurisdiction for the '119 patent for the reasons discussed above under Delaware's long-arm statute, it is not necessary to consider the due process prong of the jurisdictional analysis. Moreover, as discussed above, the two shipments of the accused monitors cannot give rise to either direct or indirect infringement. Thus, to the extent the Court believes due process analysis to be necessary, it must also reconsider its analysis, which depended upon those same facts.

In particular, the Court's due process analysis failed to properly address the trivial volume and value of ACI's connections to Delaware. It is unreasonable to base personal jurisdiction on a mere two shipments over the course of six years of a monitor worth less than $250, especially where, as discussed above, such shipments cannot give rise to any claims at

---

[6] *See also AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (finding federal due process prohibited personal jurisdiction over ASUS Computer International—the same defendant in this case—when "at most, one of the defendants made isolated shipments to Wyoming at the request of third parties"); *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (finding federal due process prohibited personal jurisdiction when "[b]eyond shipment of an unspecified amount of products between itself and Spectrum Effects, Inc. [in California], Oppenheimer did not operate at all in California").

Case 1:12-cv-00210-LPS Document 89 Filed 07/12/13 Page 9 of 11 PageID #: 2311

issue in this litigation. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2792 (2011) (Breyer, J., concurring) ("None of our precedents finds that a single isolated sale, even if accompanied by the kind of sales effort indicated here, is sufficient. Rather, this Court's previous holdings suggest the contrary.").[7] By contrast, tens of thousands of units were sold from California.

Another factor the Court did not consider in its due process analysis was GPH's agreement to transfer the *entire* case to California if there is no personal jurisdiction for part of the case in Delaware. *E.g.*, Hearing Tr. 38:7-9 (Oct. 11, 2012). Thus, it should be irrelevant to the Court's due process analysis whether the accused product for the '119 patent overlaps with one of the accused products for the '145 patent because there is no risk that multiple courts will have to see the patents separately. As above, "a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result." *Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004).

---

[7] *See also Belden Techs., Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 270 (D. Del. 2010) ("Even assuming that copies of these documents were executed and 'purposefully directed' to all four Delaware customers, there is nothing 'regular' about LS America's four contacts with the forum State."); *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 515 (D.N.J. 2012) ("Likewise, here, the five or nine sales by Sebotek do not suggest that SDT engaged in a specific effort to sell in New Jersey.") (quotation omitted); *Gro Master, Inc. v. Farmweld, Inc.*, No. 12-4096, 2013 WL 275607, at *6 (N.D. Iowa Jan. 24, 2013) ("Also, a single sale of an accused product in Iowa is insufficient contact, particularly when Farmweld made hundreds of sales in another forum (Illinois)."); *New Tech Stainless Steel Prods. Co. v. Sun Mfg. Corp.*, No. 04-1181, 2004 WL 1773416, at *3 (C.D. Cal. July 20, 2004) ("the Court finds that the volume and value of the product sold by Bullet Line is inadequate to assert personal jurisdiction. Bullet Line's only contact with California is a single sale of the allegedly infringing product worth merely $8,800. Plaintiff does not provide any relevant legal argument or precedent to show that such an insignificant contact may warrant asserting personal jurisdiction."); *see also Trintec Indus., Inc. v. Pedre Prom. Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005) (finding sales to DC of $2,749 and $4,176 per year insufficient for personal jurisdiction).

{00767777;v1 }                                         9

**V.     VENUE**

As the Court noted, "the outcome of the venue issue should be the same as the outcome of the personal jurisdiction question."  D.I. 85 at 9.  Because this Court lacks personal jurisdiction for the reasons discussed above, it should reconsider venue accordingly.

**VI.    TRANSFER**

Because this Court lacks personal jurisdiction for at least the '119 patent and because GPH requested that the three patents stay together, as discussed above, the Court should reconsider the transfer accordingly.

**VII.   CONCLUSION**

For the reasons above, ACI respectfully requests that the Court reconsider its decision denying ACI's motion to dismiss or transfer.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____

John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for ASUS Computer*
*International, Inc.*

*Of Counsel:*

John P. Schnurer
Michael J. Engle
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com
mengle@perkinscoie.com

Dated: July 12, 2012